UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELVIN DEAS, on behalf of himself, individually, and on behalf of all others similarly-situated,

                     Plaintiff,

    -against-

ALBA CARTING & DEMOLITION INC., and ANDREW HORAN, individually,

                     Defendants.

**COMPLAINT**

**Docket No.:**

**JURY TRIAL DEMANDED**

Plaintiff MELVIN DEAS ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, Borrelli and Associates, P.L.L.C., as and for his Complaint against ALBA CARTING & DEMOLITION INC. ("Alba"), and ANDREW HORAN ("Horan"), individually, (both, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon Defendants' violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at hire containing

1

specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a corporation that provides demolition services and its Chief Executive Officer - - as a laborer from in or around June 2014 to December 2016. As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and NYLL, in that Defendants required Plaintiff to routinely work more than forty hours per workweek, but intentionally failed to compensate him at the rate of time and one-half his straight-time rate for each hour that he worked per week in excess of forty, and simply paid him straight-time for all hours worked.

3. Defendants also failed to provide Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, as the NYLL requires.

4. Defendants paid and treated all of their laborers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL.

**JURISDICTION AND VENUE**

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York Law.

8.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district and all reside within the same state, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

9.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

10.    At all relevant times herein, Defendant Alba was and is a New York corporation with its principal place of business located at 402 West 46th Street, New York, New York 10036.

11.    At all relevant times, Defendant Horan was and is the owner and the Chief Executive Officer of Defendant Alba.  In that capacity, Defendant Horan personally managed and oversaw the day-to-day operations of Alba and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Horan had the power to hire and fire and approve all personnel decisions with respect to Defendant Alba's employees, including Plaintiff and FLSA Plaintiffs. Indeed, Defendant Horan hired Plaintiff.

12.    At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and NYLL.  Additionally, Defendant Alba's qualifying annual business

3

exceeded and exceeds $500,000.00, and Defendant Alba was and is engaged in interstate commerce within the meaning of the FLSA as it used and uses tools and equipment, such as tractors, freights, excavators, jack hammers, saws, and drills, in the course of its business that originated in states other than New York.

## **COLLECTIVE ACTION ALLEGATIONS**

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as a laborer, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14.     Defendants treated Plaintiff and FLSA Plaintiffs similarly in that Plaintiff and FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16. Thus, Plaintiff and FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of the adjudication.

19. Plaintiff seeks certification of the following FRCP 23 Class:

   Current and former employees of Defendants who performed any work for Defendants within the State of New York as a laborer, and who: (1) worked in excess of forty hours per week without receiving overtime compensation; and/or (2) were not issued pay stubs/wage statements on each payday containing the accurate information that NYLL § 195(3) requires; and/or (3) were not issued a wage notice at hire containing the accurate information that NYLL § 195(1) requires ("Rule 23 Plaintiffs").

### Numerosity

20.     During the previous six years, Defendants have, in total, employed at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

21.     There are questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that Defendants required and require each Rule 23 Plaintiff to perform; whether Defendants denied Rule 23 Plaintiffs compensable time for all hours worked; whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday or with an accurate wage notice at the time of hire as required by the NYLL; whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

22.     As described in the background facts section below, Defendants employed Plaintiff as a laborer.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week without receiving overtime premiums for their hours worked over

forty. Plaintiff and Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their straight-time rates for all hours worked per week in excess of forty, and to be furnished with accurate wage statements on each payday and an accurate wage notice at the time of hire. Plaintiff and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiff overtime premiums for his hours worked over forty each week, which is substantially similar to how Defendants paid the Rule 23 Plaintiffs. Defendants also failed to provide Plaintiff with accurate wage statements on each payday or an accurate wage notice at the time of hire, which is substantially similar to how Defendants treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similar, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results. Resolving the Rule 23 Plaintiffs' claims in a single lawsuit will conserve both the Court's and the parties' resources.

26. Accordingly, the means of protecting Rule 23 Plaintiffs' rights in a class action is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

27. Additionally, Plaintiff's counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

28. Defendant Alba is a corporation that performs demolition services, asbestos remediation, and garbage removal for commercial buildings in New York. Defendant Horan is the corporation's highest ranking officer who manages and oversees the business on a day-to-day basis.

29. Defendants employed Plaintiff to work as a laborer from in or around June 2014 to December 2016.

30. As a laborer, Plaintiff's main duties consisted of demolishing commercial buildings, remediating asbestos, and removing garbage and other debris from job sites.

31.     Throughout Plaintiff's employment, Defendants required Plaintiff to work five to six days per week, starting his workday at 7:00 a.m. and ending anywhere between 3:30 p.m. and 7:00 p.m., without providing him with a scheduled or uninterrupted break during his shift.  Thus, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, between forty-two hours and thirty minutes and seventy-two hours each workweek.

32.     For example, during the workweek of August 8 through August 14, 2016, Plaintiff worked the following schedule:

> Monday, August 8, 2016: 7:00 a.m. until 4:00 p.m.
>
> Tuesday, August 9, 2016: 7:00 a.m. until 4:30 p.m.
>
> Wednesday, August 10, 2016: 7:00 a.m. until 5:00 p.m.
>
> Thursday, August 11, 2016: 7:00 a.m. until 4:00 p.m.
>
> Friday, August 12, 2016: 7:00 a.m. until 4:00 p.m.

Defendants did not permit Plaintiff to take an uninterrupted break on any day.  Thus, adding up the hours for this representative workweek, Plaintiff worked forty-six hours and thirty minutes.

33.     As a second example, during the workweek of December 5 through December 11, 2016, Plaintiff worked the following schedule:

> Monday, December 5, 2016: 7:00 a.m. until 3:30 p.m.
>
> Tuesday, December 6, 2016: 7:00 a.m. until 3:30 p.m.
>
> Wednesday, December 7, 2016: 7:00 a.m. until 3:30 p.m.
>
> Thursday, December 8, 2016: 7:00 a.m. until 3:30 p.m.
>
> Friday, December 9, 2016: 9:00 a.m. until 7:00 p.m.

Defendants did not permit Plaintiff to take an uninterrupted break on any day.  Thus, adding up the hours for this representative workweek, Plaintiff worked forty-four hours.

34. From June 2014 through in or around October 2016, Defendants paid Plaintiff $12.50 for every hour worked each week.

35. From in or around November through December 2016, Defendants paid Plaintiff $15.00 for every hour worked each week.

36. Thus, throughout his employment, Defendants did not pay Plaintiff at the rate of time and one-half his regular hourly rate for any hours that he worked per week in excess of forty.

37. Defendants paid Plaintiff on a weekly basis.

38. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, Plaintiff's overtime rates of pay and/or the number of hours that he worked per week. Indeed, Defendants paid Plaintiff at his straight-time rate for his hours worked over forty in cash, and did not reflect those hours on Plaintiff's paystubs.

39. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

40. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

41. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime in Violation of the FLSA*

42. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

43. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate of not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

44. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

46. Defendants willfully violated the FLSA.

47. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs and disbursements in this action for Defendants' violation of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime in Violation of the NYLL and NYCCRR*

49. Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

52. Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

53. Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rates of pay.

54. Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs and disbursements in this action for Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

55. Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

57. As described above, Defendants failed to furnish Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs with accurate wage statements on each payday containing the criteria required by the NYLL.

58. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

59. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

60. Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. NYLL § 195(1) requires that employers provide employees with wage notices containing accurate, specifically enumerated criteria within ten business days from the time of hire.

62. As described above, Defendants failed to furnish Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs with accurate wage notices at hire containing the criteria required under the NYLL.

63. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs in the amount of $50 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.

64. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, any FLSA Plaintiff who opts-in to this action, and Rule 23 Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## **DEMAND FOR A JURY TRIAL**

65. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or any FLSA Plaintiffs and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.  Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.  All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL and as consistent with law;

h.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.  Designation of Plaintiff and his counsel as collective/class action representatives under the FLSA and FRCP;

j.  Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       May 24, 2017

>                       Respectfully submitted,
>
>                       BORRELLI & ASSOCIATES, P.L.L.C.
>                       *Attorneys for Plaintiff*
>                       1010 Northern Boulevard, Suite 328
>                       Great Neck, New York 11021
>                       Tel.: (516) 248-5550
>                       Fax: (516) 248-6027
>
>                       _____
>                       JOAN B. LOPEZ, ESQ (JL 4337)
>                       ALEXANDER T. COLEMAN, ESQ (AC 1717)
>                       MICHAEL J. BORRELLI, ESQ (MB 8533)