UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
MELVIN DEAS, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                      Plaintiffs            Civil Action No:  17-cv-03947-RA-DCF

      -against-

ALBA CARTING & DEMOLITION, INC.,
ALBA SERVICES, INC. AND
ANDREW HORAN, individually,

                      Defendants
-------------------------------------------------------x

## REPLY MEMORANDUM OF LAW TO PLAINTIFF MELVIN DEAS' APPLICATION TO DISMISS DEFENDANTS' COUNTERCLAIM

DAVID B. FRIEDRICH, ESQ.
FRIEDRICH & FRIEDRICH, P.A.
203 Godwin Avenue
Ridgewood, New Jersey 07450
(201) 670-9600 - tel
(201) 670-9650 - fax

## PRELIMINARY STATEMENT

It has been the Defendants' position that the cause of action commenced on behalf of Mr. Deas is defective, false and frivolous. The Court previously addressed Defendants' position that the statements as to the additional Plaintiffs being employed by Andrew Horan and Alba Carting & Demolition, Inc. was inaccurate. Defendants submitted to the Plaintiff the accurate employers of the named Plaintiff as well as the alleged Opt In Plaintiffs. As a result the Court permitted the Plaintiff to amend its Complaint. Rather than withdrawing its cause of action against the two (2) initial Defendants that did not employ the Plaintiff it proceeded to set forth that there was a symbiotic relationship between Alba Carting, Alba Services and Andrew Horan. However it chose not to name other employers of the alleged Opt In Plaintiffs.

In addition as I trust the Court shall recall in its last hearing it suggested, if not directed Plaintiff's counsel to meet with all of the Opt In Plaintiffs, to obtain payroll information and proofs who in fact they were employed by. In addition, the Court further directed that it confirmed with the alleged Opt In Plaintiffs, submitting a copy of its retainer agreements with the Opt In Plaintiffs and confirm that in fact Plaintiff's counsel was there legal representative and that they were in fact desirous of participating in the action against their employers. This direction was as a result of the submission of writings from certain alleged Opt In Plaintiffs in which they indicated that they were not participants or desired to be participants in this litigation. To date the Plaintiff's counsel has not withdrawn its Petition as to the alleged Opt In Plaintiffs withdrawing the fact that the firm represents these individuals and that in fact these individuals do not wish to participate in any litigation against its employers.

As previously stated counsel on behalf of Defendants wished to have this matter proceed immediately to mediation so that issues could be discussed and in fact if it was determined that

through Defendants' payroll services individuals were in fact under paid that correct compensation would be addressed. If Plaintiff's counsel, which previously agreed to the first Mediation Order of the Court proceeded with Mediation there would be discussions as to the Plaintiff's allegation as set forth in paragraph 33 as to payroll short falls for the week of December 5, 2018 one would find that in fact from their own submission there was not any overtime. Example, as to December 5, 2016, Mr. Deas states that he was employed for the hours 7:00 a.m. through 3:30 p.m. The same hours of work were through December 8, 2016. What counsel fails to compute is the fact that the lunch break is not hourly paid compensation.

Therefore, it appears that the payroll service did in fact accurately compute hours of service and therefore, salary paid was correct.

Therefore, the position taken by Plaintiff's counsel and after agreeing to going to mediation to submit an application for preliminary certification of a class was not submitted in good faith as the alleged Opt In Plaintiffs do not wish to participate, there were material questions as to whether in fact there was any bookkeeping errors pertaining to salary paid to employees, none of which were employed by the original Defendants, and that the non employer Defendants submitted information to the counsel for Mr. Deas setting forth the correct employers with a suggestion that Mediation should immediately be entered into at which time there could be an exchange of all material information to the mediator so a determination could be made if in fact the payroll service made an error.

Plaintiff's counsel submits another, what we consider frivolous application to this Court to further increase the Defendants' costs and expenses by taking a position that Alba Services does not have a right to submit a Counterclaim against Mr. Deas for an improper taking of his employer's property, which is being addressed herein.

## **PROCEDURAL BACKGROUND**

The procedural background submitted by Plaintiff's counsel does not set forth the entire procedural history. However, the Defendants are not going to submit a full and complete tortured history of this cause of action as it is not material to the application submitted by Mr. Deas as to the Counterclaim brought against him.

## STATEMENT OF FACTS

Alba Services is an employer ("Services"). Services acknowledge that it did in fact employ Mr. Deas. Mr. Deas' services were terminated as a result of his improper conduct. The improper conduct as alleged in the Counterclaim resulted as a direct result of his employment.

If in fact Mr. Deas was not an employee he would not have had access to the property of Services and therefore the improper taking of Services' assets would not have occurred.

Plaintiff in this application did not submit a Certification or any documentation that would substantiate its position that there is no nexus between the employment and the Counterclaim. Therefore based on the Amended Complaint in which this Plaintiff sets forth that Services was his employer the Counterclaim based on their factual contentions is in fact appropriate.

## REPLY ARGUMENT

## PLAINTIFF DEAS' POSITION THAT THE COUNTERCLAIM IS NOT PERMITTED IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Deas' position that the Counterclaim is not permitted in accordance with the Federal Rules of Civil Procedure is misstated. Plaintiff's arguments submitted in essence take the position that Defendant Services does not have a right to commence its cause of action in Federal Court as a Counterclaim as its damages does not meet the criteria established by the Federal Rules of Civil Procedure. The position which has been taken is inaccurate. The reason for the Counterclaim is based on the factual contentions of the Plaintiff dealing with employment. The initial Complaint filed by Plaintiff for reasons to date not being explained did not set forth Mr. Deas' correct employer. Not until the Amended Complaint was filed was it necessary under the Civil Rules of Federal Procedure as well as the Rules of Civil Procedure for the State of New York to join all causes of action and necessary parties in one litigation.

The Plaintiff is relying on specific Civil Rules of Procedure, that being 8(a)(1) and (2) and 12(b)-(1) and (6). His position we assume is that it does not understand the response to Plaintiff's Amended Complaint and more particularly its draftsmanship. The Defendants have repeatedly taken the position before this Court that neither Andrew Horan individually ("Horan") or Alba Carting and Demolition, Inc. ("Carting") employed Mr. Deas. In addition, Defendants Horan, Carting and Services have taken the position that the two (2) business entities operate individually. The drafter of the Complaint takes the position that all of the Defendants in the First Amended Complaint operate as a single enterprise, i.e. one business and therefore its position is that all of the Defendants individually and collectively are responsible for any of the alleged claims of Plaintiff Deas. In addition thereto it refers to Opt In Plaintiffs however that issue has previously been addressed to the Court and as of the

drafting of this response the Defendants do not know if there are any Opt In Plaintiffs that have authorized Plaintiff's counsel to represent them or in fact that they are making any claims against either Services, Carting or Horan.

Therefore, the pleadings submitted on behalf of the Defendants comply with the Rules of Civil Procedure and have addressed each and every allegation as to the Counterclaim. The Plaintiff Deas' position is that the claim for relief that the claim set forth therein is entitled to relief. When one reads the Counterclaim it specifically sets forth the allegation. When one reads the Counterclaim its specifically sets forth the allegation. The allegation stems from employment. The allegations set forth Deas as a result of his employment was placed in a position in which he could misappropriate Service assets. The Complaint specifically sets forth that Deas' termination was as a result of the misappropriation of Services' property that being Copper and other valuable metals. It is also interesting to note that in Mr. Deas' submission he does not submit a Certification denying that his termination was as a result of the misappropriation of company property.

Plaintiff then goes on to argue that Rule 12(b)-(1) and (6). (1) is "lack of subject matter jurisdiction" and (6) states "failure to state a claim upon the relief can be granted." As previously stated herein and further set forth in Plaintiff's Amended Complaint and Defendants' responsive pleading with Counterclaim is factual basis for the claim has been submitted to the Court and most appropriately to Mr. Deas. He fully understands what the Counterclaim is. There is a specific understanding as to the claim and based on the fact that Plaintiff chose to submit his allegation as to employment and the issue of salary he chose to forum for this dispute. One must concede that in fact if Services chose to commence an action for misappropriation of company property this action would not have been brought in Federal Court but rather the Supreme Court of the State of New York. Under subparagraph (6) if in fact as alleged there was a misappropriation of company assets, the

company has a right to commence an action by Counterclaim for damages sustained for the improper taking of that asset. This Court has the right to adjudicate that issue as a Counterclaim.

I bring the Court's attention to Rule 13 "Counterclaim and Crossclaim" the Rule is very specific it states (1) in general a pleading must state as a Counterclaim any claim that at the time of its service the pleader has against an opposing party if the claim:

(a) arising out of the transaction or occurrence that is the subject matter of the opposing parties' claim; and

(b) does not require adding another party over whom the Court cannot acquire jurisdiction.

The Rule therefore as to Counterclaims in essence compels the Defendant Services to make this claim as its claim arises as a result of employment issues. Defendant would be subject to a defense by Deas if it brought this cause of action in the State's courts as I am confident his counsel would argue that as a result of Rules of Joinder Services waived its rights by not commencing its cause of action by way of Counterclaim in this action.

Upon the Court's review of Rule 18 and 19 "Joinder of Claims;" required joinder of parties" grant to Services the right to assert any claim it may have against Deas. Another issue that has not been addressed is that as a result of Plaintiff's failure to join all necessary parties as to the issue of employment its Amended Complaint is in fact defective if in fact the alleged employees which Plaintiff's counsel alleges were employed by either Carting or Services were in fact not employed by either of these two (2) entities. Defense counsel has placed Plaintiff's counsel on notice of the defect but Plaintiff's counsel has chosen to ignore the information submitted taking a position that it does not

have to rely on defense counsel's submission. It should further be noted that as of the submission of this Reply Memorandum Plaintiff has not served any forms of discovery on the Defendants and it has not submitted a Rule 26 submission. <u>Nolan Co., Inc. v. Graver Tank and Manufacturing Co.</u>, 301 F.2d 43, 49-51 (4th Cir. 1962).

## **CONCLUSION**

For the foregoing reasons it is respectfully requested that this application submitted by Plaintiff Deas to dismiss without prejudice the Counterclaim of Defendant Alba Services, Inc. be denied.

Dated: Ridgewood, New Jersey
April 27, 2018

                                    Respectfully submitted,
                                    FRIEDRICH & FRIEDRICH, P.A.
                                    Attorneys for Defendants
                                    203 Godwin Avenue
                                    Ridgewood, New Jersey 07450
                                    (201) 670-9600 - tel
                                    (201) 670-9650 - fax

By:       /s/
            David B. Friedrich (DBF - 1522)