UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELVIN DEAS, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

ALBA CARTING & DEMOLITION INC., ALBA SERVICES INC., and ANDREW HORAN, individually,

Defendants.

**Docket No.:**
**1:17-cv-03947-DCF**

## DECLARATION OF JENNIFER MILLS FOR RUST CONSULTING, INC.

I, Jennifer Mills, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a Program Manager for Rust Consulting, Inc. ("Rust").  My business address is 625 Marquette Avenue, Suite 900, Minneapolis, Minnesota 55402-2469.  My telephone number is (612) 359-2025.  I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

2.      Rust has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues.  We have provided notification and/or claims administration services in more than 7,500 cases.  Of these, approximately 3,300 were Labor & Employment cases.

3.      Rust was engaged by Counsel for the Plaintiff and Counsel for the Defendants (collectively the "Parties") to provide notification services in the Melvin Deas v. Alba Carting & Demolition Inc., Settlement ("Settlement").  Our duties have included and will include: a) preparing, printing, and mailing of the Court-approved Notice of Pendency of Class Action

Settlement ("Notice") and the form approved by the Court that a Class Member must submit in order to be eligible to become a Participating Claimant ("Claim Form") (collectively known as the "Notice Packet"); b) receiving and reviewing Claim Forms; c) tracking of Opt-Out Statements and objections; d) distributing settlement checks, service awards, attorneys' fees and costs, and tax forms, as appropriate, after final approval, and e) for such other tasks as the Parties mutually agree or the Court orders Rust to perform.

4.      Rust obtained and maintained a mailing address of Deas v. Alba Carting & Demolition Case Administrator c/o Rust Consulting, Inc. - 7105, P.O. Box 54, Minneapolis, Minnesota 55440-0054 to receive Claim Forms, Opt-Out Statements, objections, undeliverable Notice Packets, and other communications regarding the Settlement.

5.      Rust obtained and maintained a toll-free telephone number of (866) 645-5839 for Class Members to call with questions regarding the Settlement. The toll-free telephone number was included in the Notice Packet.

6.      On or about October 5, 2020, Rust received language for the Notice Packet from Counsel. A draft of the formatted Notice Packet was prepared by Rust and approved by the Parties. Attached as Exhibit A is a copy of the final Notice Packet.

7.      On or about November 16, 2020, Counsel for the Defendants provided Rust with a mailing list containing Class Member's names, last known addresses, phone numbers, Social Security Numbers, and applicable employment information ("Class List"). The Class List contained data for 311 potential Class Members.

8.      The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In

the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Notice Packet.

9. On November 25, 2020, Notice Packets were mailed to 311 Class Members contained in the Class List via First Class mail. The Notice Packet advised Class Members that they could submit a Claim Form, an Opt-Out Statement, or an objection postmarked on or before January 25, 2021.

10. Rust performed seventy-six address traces on Notice Packets returned as undeliverable for the first time as of January 25, 2021. The address trace utilizes the Class Member's name, previous address and Social Security Number for locating a current address. Of the seventy-six traces performed, thirty-nine more current addresses were obtained and Notice Packets were promptly re-mailed to those Class Members via First Class mail. Of the seventy-six traces performed, Rust did not obtain updated addresses for thirty-seven undeliverable Notice Packets. Of the thirty-nine Notice Packets mailed to a more current address identified from trace, five Notice Packets were returned to Rust as undeliverable a second time. As of this date, forty-two Notice Packets remain undeliverable.

11. As of this date, Rust received responses from fifty-three Class Members with a postmark on or before January 25, 2021.

12. The total estimated award value for all Participating Claimants is $213,106.15. The average estimated award is $3,738.70. The highest estimated award is $8,638.36.

13. As of this date, Rust received zero (0) Opt-Out Statements.

14. As of this date, Rust received zero (0) objections.

15. The total cost for the administration of this Settlement, including fees incurred and future costs for completion of the administration is estimated to be $13,905.00.

3

16.     Based on these figures, the Net Settlement Fund amounts to the following:

| Distribution/Payment | Amount |
|---|---|
| Gross Settlement Amount: | $1,500,000.00 |
| Attorney's Fees: | -$500,000.00 |
| Attorney's Costs: | -$11,321.10 |
| Service/Incentive Awards: | -$65,000.00 |
| Claims Administration Fees/Costs: | -$13,905.00 |
| Net Settlement Amount: | $909,773.90 |
| Total Claimed Funds | -$213,106.15 |
| Residual Fund | $696,667.75 |

17.     I declare under penalty of perjury that the above is true and correct to the best of my knowledge and that this Declaration was executed this 23rd day of February 2021, at Minneapolis, Minnesota.

_____
JENNIFER MILLS

4

# EXHIBIT A

DEAS V. ALBA CARTING & DEMOLITION CASE ADMINISTRATOR
C/O RUST CONSULTING INC - 7105
PO BOX 54
MINNEAPOLIS MN 55440 - 0054

## IMPORTANT LEGAL MATERIALS

||||||||||||||||||||| - UAA - <<SequenceNo>>
* B A R C O D E 3 9 *

<<Name 1>>
<<Name 2>>
<<Name 3>>
<<Name 4>>
<<Address 1>>
<<Address 2>>
<<City>> <<State>> <<Zip 10>>
<<CountryName>>

FOR OFFICIAL USE ONLY

01

Page 1 of 2

---

# CLAIM FORM AND RELEASE

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

### INSTRUCTIONS:

In order to receive any portion of the settlement funds described in the Notice of Pendency of Class Action Settlement in the case entitled *Deas v. Alba Carting & Demolition, Inc., et al.*, Docket No. 1:17-cv-03947-DCF, you must sign, date, and return this Claim Form and Release to Rust. It must be postmarked or received by **January 25, 2021**, and must be sent to the following address:

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

### CHANGES OF ADDRESS:

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator. Please make sure to notify Rust Consulting, Inc., of any change of address.

November 25, 2020

***THIS FORM MUST BE RECEIVED OR POST-MARKED NO LATER THAN JANUARY 25, 2021.***

I affirm that I worked for either ALBA CARTING & DEMOLITION, INC., or ALBA SERVICES, INC., or Andrew Horan, or one of the other releasees listed below, and hereby assert a claim under the Fair Labor Standards Act and the New York Labor Law.

I hereby designate the firm of Borrelli & Associates, P.L.L.C. to represent me in this action.

My signature below, on my behalf, and on behalf of my respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys constitutes a full and complete release and discharge of ALBA CARTING & DEMOLITION, INC., and ALBA SERVICES, INC., and CALEDONIA CARTING SERVICES, and AEG PROCESSING CENTER NO. 58, INC., and ALBA ENVIRONMENTAL INC., and ANDREW HORAN, ("Defendants"), and Defendants' present and former parent companies, subsidiaries, predecessors, successors, assigns, (collectively, the "Releasees"), from any and all claims for any wage and hour violations that may have occurred arising from or relating to my employment or engagement with Defendants under federal, state, and/or local law, including but not limited to, any and all claims for unpaid overtime or minimum wage pay, failure to maintain and furnish employees with proper wage records or pay stub/wage statements, failure to furnish notices of pay rate, failure to pay spread of hours pay, failure to pay call-in pay, and all other claims that were or could have been asserted in the Litigation, whether known or unknown, under the Fair Labor Standards Act, New York state, and/or local wage and hour laws (including but not limited to the New York Labor Law, New York Code of Rules and Regulations, and the New York Wage Theft Prevention Act),





*BARCODE39* - <<SequenceNo>>

through October 1, 2020 (the "Released Claims"). Said release and discharge shall bind me and my current, former, and future heirs, spouses, executors, administrators, agents, and attorneys. The Released Claims include all claims for unpaid regular or overtime wages, claims under any wage and hour and wage payment law (including statutory claims), all claims arising under any federal, state, or local wage and hour law or regulation, interest on such claims, liquidated damages, penalties, attorneys' fees and costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever related to such claims, arising from my employment with Defendants.

By signing this Consent Form and Release, I authorize Borrelli and Associates, P.L.L.C. to file this Form with the Court.

I declare under penalty of perjury that the above information is correct.

Signature: _____    Date: _____

Print Name: _____

Street Address: _____

City/State/Zip Code: _____

Telephone Number: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

Dates of Employment:

Start Date: _____    End Date: _____

DEAS V. ALBA CARTING & DEMOLITION CASE ADMINISTRATOR
C/O RUST CONSULTING INC - 7105
PO BOX 54
MINNEAPOLIS MN 55440 - 0054

## MATERIALES LEGALES IMPORTANTES

||||||||| - <<SequenceNo>>
\* B A R C O D E 3 9 \*

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

## FORMULARIO DE RECLAMACIÓN Y EXENCIÓN

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

### INSTRUCCIONES:

Para recibir alguna parte de los fondos del acuerdo que aparecen descritos en la Notificación de pendencia de un acuerdo de conciliación en una demanda colectiva en el caso titulado *Deas v. Alba Carting & Demolition, Inc., et al.*, Expediente N. ° 1:17-cv-03947-DCF, usted debe firmar, colocar la fecha, firmar y enviar este Formulario de Reclamación y Exención a Rust.Debe tener fecha de franqueo postal o ser recibida antes del **25 de enero de 2021**, y debe ser enviada a la dirección que sigue:

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

### CAMBIOS DE DIRECCIÓN:

Es **su responsabilidad** mantener actualizada la dirección en los registros del Administrador de reclamaciones.Asegúrese de notificar a Rust Consulting, Inc., cualquier cambio de dirección.

25 de noviembre de 2020

*ESTE FORMULARIO DEBE SER RECIBIDO O TENER FECHA DE FRANQUEO POSTAL ANTERIOR AL 25 DE ENERO DE 2021.*

Afirmo que he trabajado para ALBA CARTING & DEMOLITION, INC., o ALBA SERVICES, INC., o Andrew Horan, o uno de los otros eximidos que se enumeran a continuación, y por el presente ratifico una reclamación en virtud de lo dispuesto por la Ley de Normas Laborales Justas y la Ley Laboral de Nueva York.

Por el presente designo a la firma Borrelli & Associates, P.L.L.C. para que me representen en esta acción.

Mi firma a continuación, en mi nombre y en nombre de mis respectivos herederos, cónyuges, albaceas, administradores, agentes y abogados presentes, pasados y futuros constituye una exención y liberación plena de ALBA CARTING & DEMOLITION, INC., y ALBA SERVICES, INC., y CALEDONIA CARTING SERVICES, y AEG PROCESSING CENTER NO. 58, INC., y ALBA ENVIRONMENTAL INC., y ANDREW HORAN, (los "Demandados"), y de las empresas matrices, subsidiarias, predecesoras, sucesoras y cesionarias actuales y pasadas de los Demandados (en su conjunto, los "Eximidos"), de y contra cada una y todas las reclamaciones respecto de cualquier violación de lo dispuesto en materia salarial y trabajo por horas que pudieran haber tenido lugar y originarse o tener relación con mi empleo o contratación con los Demandados, de acuerdo con lo establecido por la ley federal, estatal y/o local, lo que incluye, entre otras cosas, cada una y todas las reclamaciones por horas extra o pago del salario mínimo impago, no mantener y entregar a los empleados los registros salariales o talones de pago/resúmenes salariales adecuados, no entregar


\* 7 1 0 5 \*


\* C F \*



\*BARCODE39\* - <<SequenceNo>>

notificaciones de tarifas de pago, no pagar el aumento en el pago por horas, no pagar el monto por convocatoria al trabajo y todas las otras reclamaciones que fueron o pudieron haber sido planteadas en el Litigio, tanto conocidas como ignoradas, de acuerdo con lo establecido por la Ley de Normas Laborales Justas, las leyes de salarios y trabajo por horas estatales y/o locales de Nueva York (lo que incluye, entre otras, la Ley Laboral de Nueva York, el Código de Normas y Reglamentaciones de Nueva York, y la Ley de Prevención de Robo de Salarios de Nueva York), hasta el 1 de octubre de 2020 (las "Reclamaciones eximidas").Tal exención y liberación tendrá carácter vinculante para mí y para mis herederos, cónyuges, albaceas, administradores, agentes y abogados actuales, pasados y futuros.Las Reclamaciones eximidas incluyen todas las reclamaciones por salarios regulares o por horas extra impagos, las reclamaciones en virtud de cualquier ley de pago de salarios y trabajo por horas (incluidas las reclamaciones establecidas por ley), todas las reclamaciones que se originen en virtud de lo establecido por alguna ley o reglamentación de salario o trabajo por horas federal, estatal o local, el interés sobre tales reclamaciones, daños y perjuicios liquidados, sanciones, honorarios de abogados y costos relacionados con tales reclamaciones, y todos los otros recursos disponibles y la reparación de cualquier tipo y naturaleza que estén relacionados con tales reclamaciones y que se originen de mi empleo con los Demandados.

Al firmar este Formulario de consentimiento y Exención, autorizo a Borrelli and Associates, P.L.L.C. para que presente este Formulario en el Tribunal.

Declaro bajo pena de perjurio que toda la información anterior es correcta.

Firma: _____    Fecha: _____

Nombre en letra de imprenta: _____

Dirección: _____

Ciudad/Estado/Código Postale: _____

Teléfono: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

Fechas de empleo:

Fecha de inicio: _____    Fecha de finalización: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELVIN DEAS, on behalf of himself, individually, and on behalf of
all others similarly-situated,

<div style="padding-left:2em;">Plaintiff,</div>

<div style="padding-left:1em;">-against-</div>

ALBA CARTING & DEMOLITION INC., ALBA SERVICES
INC., and ANDREW HORAN, individually,

<div style="padding-left:2em;">Defendants.</div>

**Docket No.: 1:17-cv-03947-DCF**

## NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT

*A court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

**IF YOU WORKED AS A LABORER FOR ALBA CARTING & DEMOLITION, INC., or ALBA SERVICES, INC., or ANDREW HORAN (all, together, as "ALBA") AT ANY TIME BETWEEN MAY 24, 2011 AND OCTOBER 1, 2020, IN NEW YORK, YOU MAY BE ENTITLED TO RECEIVE A PORTION OF A CLASS ACTION SETTLEMENT.**

***PLEASE READ THIS NOTICE CAREFULLY.*** This notice relates to the settlement of class action litigation. It contains important information as to your right to participate in the settlement and claim a payment from the settlement or to exclude yourself from the litigation and/or not participate.

## I.    INTRODUCTION

Plaintiff Melvin Deas, on behalf of himself and other laborers who worked for Alba in New York at any time between May 24, 2011 and October 1, 2020, ("Plaintiffs"), have a pending lawsuit in the United States District Court for the Southern District of New York, entitled *Melvin Deas, et al., Plaintiffs, v. Alba Carting & Demolition, Inc., et al.*, Defendants, Docket No. 1:17-cv-03947-DCF ("the Lawsuit"). ALBA CARTING & DEMOLITION, INC., and ALBA SERVICES, INC., and ANDREW HORAN are the Defendants. In the Lawsuit, Plaintiffs assert claims for unpaid overtime wages and statutory penalties under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL" or "New York law"). The Court has certified the Lawsuit to be a class action for settlement purposes only, and you have been identified as a potential Class Member. That is why you are receiving this notice. Defendants have reviewed and investigated this matter and they deny any wrongdoing. Nevertheless, Defendants have decided to resolve the Lawsuit in order to avoid the expense of further litigation and the ongoing disruption to their business operations. Plaintiffs and Defendants have entered into a Settlement Agreement and Release ("Settlement Agreement"), which is described in detail below.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM AND PARTICIPATE IN THE SETTLEMENT** | If you return a timely and valid Claim Form to the Claims Administrator, Rust Consulting, Inc., by **January 25, 2021**, you will receive a settlement payment. You will also release all wage and hour-related claims under the FLSA and the NYLL. |
| **DO NOTHING** | If you do not return a timely and valid Claim Form and you do not exclude yourself from the settlement, you will not receive a payment. Nonetheless, you will be deemed to have released all of your wage and hour-related claims under the NYLL and any other New York law. |
| **EXCLUDE YOURSELF** | If you make a timely and valid request to exclude yourself from the settlement by sending a written, signed Opt-out Statement to the Claims Administrator by **January 25, 2021**, you will not receive a settlement payment, but you will not release any claims that you may have under any law. |
| **OBJECT** | Write to the Claims Administrator about why you disapprove of the settlement. If you submit a timely and valid objection to the settlement by **January 25, 2021**, your objection will be considered and you may also be allowed to appear and present your objection in Court at the final fairness hearing. Note that to receive a settlement payment you must still return a valid Claim Form, even if you submit a timely objection. |

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The Court has ordered that this Notice be sent to you because you worked at ALBA as a laborer in New York at some point between May 24, 2011 and October 1, 2020, which is called the "Class Period." The purpose of this Notice is to inform you of your rights and options and the **time frame by which you must exercise your rights** under the Settlement Agreement.

The Court still has to decide whether or not to approve the settlement. Payments will be made only if the Court approves the settlement.

### 2. What is this lawsuit about?

Plaintiffs raised claims under the FLSA and the NYLL and its supporting regulations, on their own behalf, and on behalf of all other similarly-situated laborers, alleging that the Defendants failed to pay their laborers overtime wages in accordance with the FLSA and New York Law.

The Honorable Debra Freeman, United States Magistrate Judge for the Southern District of New York, is overseeing this class action Lawsuit in Manhattan. The Lawsuit is known as *Deas v. Alba Carting & Demolition, Inc., et al.*, Docket No. 1:17-cv-03947-DCF.

### 3. Why is this a class action?

In a class action, the individual or individuals called the "Class Representative" sue on behalf of others who have the same or similar claims. Here, Plaintiff Melvin Deas is the Class Representative. People with the same or similar claims, like you, are called "Class Members." In class actions, one court resolves the issues for all Class Members, except for those who decide to exclude themselves from the Class, as explained in section 10 of this Notice.

### 4. Why is there a settlement?

Although both the Plaintiffs and the Defendants believe that they would have prevailed at trial, this case did not go to trial. The Court did not decide in favor of either side. Instead, the parties have agreed to a settlement. This avoids the costs of a trial and the risk that the Defendants would not have been able to pay a judgment if the Plaintiffs had won, or the risk that Plaintiffs would not have prevailed on their claims. Instead, a settlement ensures that the people affected, the Plaintiffs and the Class Members, will be compensated for their claims. The Plaintiffs and their

attorneys think that a settlement is the best decision for everyone involved and that this particular settlement is a fair and reasonable one.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 5. What does the settlement provide?

To avoid the burden, expense, inconvenience, and uncertainty of continuing the Lawsuit, Alba has agreed to pay up to a maximum Gross Settlement Amount of $1,500,000.00, to be distributed among laborers who worked during the Class Period and who submit a Claim Form. Only those Class Members who submit a timely, valid Claim Form will receive a settlement payment. This Gross Settlement Amount will also provide payments to Plaintiffs' counsel for attorneys' fees and costs.

From the Gross Settlement Amount, Plaintiffs' attorneys will also ask the Court to approve nine Service Awards for a total of $65,000.00. Specifically, the following people are requesting the following amounts as service awards in recognition for the services that they provided on behalf of the Class Members:

- Melvin Deas: Fifteen Thousand Dollars and Zero Cents ($15,000.00);
- Charles Pitt: Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00);
- Floyd Jones: Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00);
- Cory Bennet: Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00);
- Gerard Foote: Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00);
- Robert O'Connor: Five Thousand Dollars and Zero Cents ($5,000.00);
- Martin Carrera; Five Thousand Dollars and Zero Cents ($5,000.00);
- Jose Ordonez: Five Thousand Dollars and Zero Cents ($5,000.00); and
- Antonio Bonilla: Five Thousand Dollars and Zero Cents ($5,000.00).

### 6. How much will my payment be?

Based on a formula preliminarily approved by the Court, the settlement payment for each member of the Settlement Class who returns a timely and valid Claim Form will be calculated as follows:

1. Calculate the class fund by deducting the attorneys' fees, costs, claims administration fees, and service awards from the Gross Settlement Amount.

2. Each Individual Class Member shall receive one (1) point for each week worked for Defendants as a laborer during the Class Period.

3. Calculate the number of points for each Class Member.

4. Add all points for all Class Members to obtain the "Total Denominator."

5. Divide the number of points for each Class Member by the Total Denominator to obtain each Class Member's allocated percentage of the Net Settlement Amount.

6. Multiply each Individual Class Member's percentage against the Net Settlement Amount to determine the Settlement Payment of each Participating Claimant.

This formula can accurately be represented as follows:

$$\$909{,}773.90 \text{ estimated class fund} \times \frac{\textit{Individual Class Member's Total Weeks Worked}}{\textit{Class Members' Combined Total Weeks Worked}}$$
$$= \textit{Individual Settlement Amount}$$

If you participate in the settlement, we estimate that your individual settlement amount will be approximately $<<EstimatedAward>>. The calculation of all work weeks shall be based on ALBA's business records. If you disagree with the amount of weeks that Alba's records show that you worked, you may dispute this by supplying proof to Class Counsel.

Fifty percent (50%) of your Individual Settlement Amount will be characterized as back-wages and subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and any other legally-required deductions), which will be deducted from your payment. The other fifty percent (50%) of your Individual Settlement Amount will be characterized as payment for liquidated damages, penalties, and interest and will be treated as income to you, but the Claims Administrator will not withhold taxes from this amount. The Claims Administrator will report the back-wage payment to you on an IRS Form W-2 and the liquidated damage/penalty/interest payment to you on an IRS Form 1099. If you are a recipient of a Service Award, that payment will also be reported on an IRS Form 1099. You will be responsible for the filing and payment of any taxes associated with any amounts paid to you for which you receive a Form 1099.

## HOW TO GET YOUR PAYMENT

| 7. How can I get my payment? |
| --- |

If you received this notice, do not exclude yourself (as explained in section 10), and send in your Claim Form and Release, you will receive a payment provided that the Court approves of this settlement. Your Claim Form and Release must be received by the Claims Administrator in this Action, at Deas v. Alba Carting & Demolition Case Administrator, c/o Rust Consulting, Inc. – 7105, PO Box 54, Minneapolis, MN 55440 - 0054. Your Claim Form and Release must be received or postmarked by **January 25, 2021**. You will have 120 days from the date the check is issued to cash or deposit it. If your address changes after the time when you submit your Claim Form and before the time when you receive your settlement check, please contact the Claims Administrator at the address below:

<div align="center">

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

</div>

**IT IS YOUR RESPONSIBILITY TO PROVIDE THE CLAIMS ADMINISTRATOR WITH YOUR CURRENT CONTACT INFORMATION.**

| 8. When will I get my settlement payment? |
| --- |

The Court will hold a fairness hearing on **March 2, 2021**, at **11:00 a.m.**, to decide whether to approve the settlement. If you have sent in your Claim Form and Release and the Court approves the settlement, your payment will be mailed to you thereafter. You must cash or deposit this check within 120 days after it is issued or else the check will be void but your Release of Claims will remain valid. Absent a showing of good cause why you did not cash or deposit the check within that time, the check will not be reissued.

| 9. What am I giving up by submitting the Claim Form and staying in the class? |
| --- |

If you submit the Claim Form and Release you will remain a Class Member. This means that you cannot sue, continue to sue, or be a party in any other Lawsuit against the Defendants for any FLSA or NYLL claim through the effective date of the settlement, which is, in essence, the date that the Plaintiffs asked the Court to approve this settlement, which was October 1, 2020.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 10. How and why would I exclude myself from the settlement? |
| --- |

To exclude yourself from the settlement, you must send a letter by U.S. mail stating that you wish to exclude yourself from the settlement in *Deas v. Alba Carting & Demolition*. Be sure to include your name, address, telephone number, and to sign the letter. You also must include a statement that you understand that by excluding yourself from the settlement, you will not receive any funds in conjunction with the case. Your exclusion request must be received or post-marked by no later than **January 25, 2021** and sent to the Claims Administrator in this Action, at: Deas v. Alba Carting & Demolition Case Administrator, c/o Rust Consulting, Inc. – 7105, PO Box 54, Minneapolis, MN 55440 - 0054.

If you ask to be excluded from the settlement, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this Lawsuit. You may also be able to sue the Defendants in the future subject to, among other things, the statute of limitations. Please note that if you send in a request to be excluded and then later send in a timely Claim Form, the Claims Administrator will send you a letter seeking clarification of whether you intend to opt-out of the settlement or become a Participating Claimant. You must then provide a response within twenty (20) days of the mailing, or the deadline to submit your claim form, whichever is later. If you do not clarify your position, you will be deemed to have excluded yourself from the settlement.

| **11. What happens if I do nothing** |
|---|

"Opting out" of the settlement is different from simply not sending back the Claim Form and Release. If you do nothing, you will not be entitled to collect any money under the settlement, but you will still release Defendants from all of your claims under New York's wage laws, including the NYLL, but not under the FLSA. In other words, if you do not send back the Claims Form or a letter excluding yourself, you cannot collect for these New York law claims now or later.

## OBJECTING TO THE SETTLMENT

| **12. How do I tell the Court that I object to the settlement?** |
|---|

You can object to the settlement agreement if you are unhappy with it or disagree with any part of it. You may object to any part of the settlement, including, but not limited to, the settlement amount, the attorneys' fees, or the service payments. To object, you must send a letter via U.S. Mail stating that you object to the settlement agreement in *Deas v. Alba Carting & Demolition Case*, and stating the reasons for your objection(s). Make sure to include your name, address, telephone number, and signature. Any objections must be received or postmarked by **January 25, 2021** and be mailed to:

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

Even if you object, you must still submit a Claim Form and Release to collect any portion of the settlement as the Court may still approve the settlement over your objection.

| **13. What is the difference between objecting to the settlement and excluding myself from the settlement?** |
|---|

Objecting is simply telling the Court that you do not like something about the settlement. You can only object if you do not exclude yourself from the settlement. Excluding yourself is a statement that you do not want to be part of the settlement. If you exclude yourself, you have no basis or standing to object because the settlement no longer affects you.

## THE LAWYERS REPRESENTING YOU

| **14. Do I have a lawyer in this case?** |
|---|

Yes. The Court has decided that the lawyers at the firm of Borrelli & Associates, P.L.L.C. are qualified to represent you and all of the other Class Members. These lawyers have been designated as "Class Counsel" in this Lawsuit. More information about the firm, their practice, and their experience is available at: www.employmentlawyernewyork.com.

| **15. How will the lawyers be paid?** |
|---|

As part of the settlement agreement, the lawyers have proposed that 33.33%, or one-third of the $1,500,000.00 gross settlement, or $500,000.00, will be paid to Class Counsel for their services in investigating the case, litigating the case, and negotiating the settlement. The lawyers are additionally requesting reimbursements for their out-of-pocket expenses incurred pursuing this settlement, which so far is $11,317.22. The percentage of the settlement and any reimbursed expenses that will be paid to Class Counsel will have to be approved by the Court.

## THE COURT'S FAIRNESS HEARING

### 16. When and where will the Court decide whether to approve the settlement agreement?

The Court will hold a fairness hearing at **11:00 a.m.** on **March 2, 2021**, at the United States District Court for the Southern District of New York, via teleconference, before Judge Freeman.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take. The date of the hearing is subject to change without further notice, and you may contact Class Counsel or the Claims Administrator to receive an update on the status.

### 17. Do I have to come to the fairness hearing?

No, even if you filed an objection, Class Counsel will represent you at the hearing. Of course, you are welcome to attend at your own expense if you so desire. The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing. You may also hire your own attorney, at your own expense, to attend the fairness hearing, but it is not necessary to do so.

### 18. May I speak at the fairness hearing?

You may ask for the Court's permission to speak at the fairness hearing. To do so, you must send a letter stating "Notice of Intention to Appear in *Deas v. Alba Carting & Demolition Case*." Be sure to include your name, address, telephone number, and to sign your name. If you intend to appear through counsel you must state that as well, and your attorney must file a notice of appearance and serve it on all parties by ***February, 15, 2021***.

Your notice of intention to appear must be received or postmarked by no later than **January 25, 2021**, and mailed to:

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

Please be advised that you cannot speak at the hearing if you exclude yourself from the settlement or do not send in a timely notice of your intention to speak.

## GETTING MORE INFORMATION

### 19. Are there more details about the settlement?

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting the Claims Administrator:

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

**Please contact the Claims Administrator at 1-(866) 645-5839, AND NOT THE COURT, if you have questions regarding this Notice.**

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO SUR DE NUEVA YORK

| | |
|---|---|
| MELVIN DEAS, en su propio nombre, de manera individual, y en nombre de todas las otras personas que están en una situación similar,<br><br>Demandante,<br><br>-contra-<br><br>ALBA CARTING & DEMOLITION INC., ALBA SERVICES INC., y ANDREW HORAN, en forma individual,<br><br>Demandados. | **Docket No.: 1:17-cv-03947-DCF** |

## AVISO DE PENDENCIA DE UN ACUERDO DE CONCILIACIÓN EN UNA DEMANDA COLECTIVA

*Un tribunal autorizó este aviso. Esta no es una oferta de un abogado.*
*Esta no es una demanda en su contra y usted no ha sido demandado.*
*No obstante, sus derechos legales se verán afectados, independientemente de que actúe o no.*

**SI USTED TRABAJÓ COMO OBRERO PARA ALBA CARTING & DEMOLITION, INC., o ALBA SERVICES, INC., o ANDREW HORAN (a todos los cuales se hace referencia, en su conjunto, como "ALBA") EN ALGÚN MOMENTO ENTRE EL 24 DE MAYO DE 2011 Y EL 1 DE OCTUBRE DE 2020, EN NUEVA YORK, TAL VEZ TENGA DERECHO A RECIBIR UNA PARTE DE UN ACUERDO DE CONCILIACIÓN EN UNA DEMANDA COLECTIV.**

*LEA CON ATENCIÓN ESTE AVISO.* Este aviso se refiere al acuerdo de conciliación en el litigio de una demanda colectiva. Contiene información importante con respecto a su derecho a participar en el acuerdo y reclamar un pago del acuerdo de conciliación o excluirse del litigio y/o no participar.

## I.    INTRODUCCIÓN

El Demandante Melvin Deas, en su propio nombre y en nombre de los otros obreros que trabajaron para Alba en Nueva York en algún momento entre el 24 de mayo de 2011 y el 1 de octubre de 2020, (los "Demandantes"), tiene una demanda en trámite ante el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York, titulado *Melvin Deas, et al., Demandantes, v. Alba Carting & Demolition, Inc., et al.*, Demandados, Expediente N. º 1:17-cv-03947-DCF ("la Demanda"). ALBA CARTING & DEMOLITION, INC., ALBA SERVICES, INC., y ANDREW HORAN son los Demandados. En la Demanda, los Demandantes plantean reclamaciones referidas a salarios por horas extra impagos y sanciones establecidas por ley en virtud de lo dispuesto en la Ley de Normas Laborales Justas (Fair Labor Standards Act, "FLSA") y la Ley Laboral de Nueva York (New York Labor Law, "NYLL" o la "Ley de Nueva York"). El Tribunal ha certificado la Demanda para que sea una acción colectiva solo para los fines del acuerdo de conciliación, y usted ha sido identificado como posible Miembro del Grupo de la conciliación. Esa es la razón por la que usted recibió este aviso. Los Demandados han analizado e investigado este asunto y pueden negar cualquier delito. Sin embargo, los Demandados han decidido resolver la Demanda para evitar el gasto de un ulterior litigio y la alteración constante en sus operaciones comerciales. Los Demandantes y los Demandados han celebrado un Acuerdo de conciliación y exención (el "Acuerdo de conciliación") que se describe en detalle a continuación.

| RESUMEN DE SUS DERECHOS Y OPCIONES LEGALES EN ESTE ACUERDO: | |
|---|---|
| **ENVIAR EL FORMULARIO DE RECLAMACIÓN Y PARTICIPAR EN EL ACUERDO DE CONCILIACIÓN** | Si usted envía un Formulario de reclamación válido y puntual al Administrador de reclamaciones, Rust Consulting, Inc., antes del **25 de enero de 2021**, recibirá un pago del acuerdo. También eximirá todas las reclamaciones relacionadas con salarios y trabajo por horas en virtud de lo establecido en la FLSA y la NYLL. |
| **NO HACER NADA** | Si usted no envía un Formulario de reclamación válido, en debido tiempo y forma, y no se excluye del acuerdo de conciliación, no recibirá un pago. Sin embargo, se considerará que usted ha eximido todas sus reclamaciones salariares y de trabajo por horas en virtud de lo establecido por la NYLL y cualquier otra ley de Nueva York. |
| **EXCLUIRSE** | Si usted formula una solicitud válida en debido tiempo y forma para excluirse del acuerdo de conciliación enviando una Declaración de exclusión por escrito y firmada al Administrador de reclamaciones antes del **25 de enero de 2021**, usted no recibirá un pago del acuerdo, pero no eximirá ninguna reclamación que usted pueda tener de acuerdo con los preceptos de alguna ley. |
| **OBJETAR** | Escriba al Administrador de reclamaciones acerca del motivo por el cual no aprueba el acuerdo de conciliación. Si usted presenta una objeción puntual y válida para el acuerdo de conciliación antes del **25 de enero de 2021**, su objeción será considerada y también es posible que se le permita comparecer y presentar su objeción ante el Tribunal en la audiencia de imparcialidad definitiva. Tenga en cuenta que para recibir un pago del acuerdo de conciliación, debe enviar un Formulario de reclamación válido, incluso cuando presente una objeción en debido tiempo y forma. |

## INFORMACIÓN BÁSICA

### 1. ¿Cuál es el propósito de este Aviso?

El Tribunal ha ordenado que se le envíe este Aviso porque usted trabajó en ALBA como obrero en Nueva York en algún momento entre el 24 de mayo de 2011 y el 1 de octubre de 2020, periodo al que se lo conoce como el "Periodo del Grupo del acuerdo". El objetivo de este Aviso es informarle acerca de sus derechos y opciones y el **plazo en el cual debe ejercer sus derechos**, de acuerdo con lo establecido en el Acuerdo de conciliación.

El Tribunal aún tiene que decidir si aprueba o no el acuerdo. Los pagos se efectuarán solo si el Tribunal aprueba el acuerdo de conciliación.

### 2. ¿De qué trata esta demanda?

Los Demandantes presentaron reclamaciones en virtud de lo dispuesto en la FLSA y la NYLL, y sus reglamentaciones de respaldo, en su propio nombre y en nombre de todos los otros obreros que se encuentran en una situación similar, en las que alegan que los Demandados no pagaron a sus obreros salarios por horas extra, de acuerdo con lo que establece la FLSA y la Ley de Nueva York.

La Honorable Debra Freeman, Jueza del Tribunal Inferior de los Estados Unidos para el Distrito Sur de Nueva York, está supervisando esta Demanda de acción colectiva en Manhattan. A la Demanda se la conoce como *Deas v. Alba Carting & Demolition, Inc., et al.*, Expediente N. º 1:17-cv-03947-DCF.

### 3. ¿Por qué es esta una demanda colectiva?

En una demanda colectiva, la persona o las personas a las que se conoce como "Representantes del grupo" demandan en nombre de otras personas que tienen reclamaciones idénticas o similares. En este caso, el Demandante Melvin Deas es el Representante del grupo. A las personas que tienen reclamaciones idénticas o similares, como usted, se las conoce como "Miembros del grupo". En las demandas colectivas, un tribunal resuelve los problemas de todos los Miembros del grupo, excepto para quienes decidan excluirse del Grupo, tal como se explica en la sección 10 de este Aviso.

### 4. ¿Por qué existe un acuerdo?

Si bien tanto los Demandante como los Demandados creen que habrían prevalecido en un juicio, este caso no fue a juicio. El Tribunal no se ha pronunciado en favor de ninguna de las partes. En cambio, las partes han convenido un acuerdo de conciliación. Esto evita los costos de un juicio y el riesgo de que los Demandados no hubieran podido pagar una sentencia en caso de que los Demandantes hubieran prevalecido, o el riesgo de que los Demandantes no hubieran prevalecido en sus reclamaciones. En cambio, un acuerdo de conciliación garantiza que las personas afectadas, los Demandantes y los Miembros

del grupo, reciban una indemnización por sus reclamaciones. Los Demandantes y sus abogados consideran que un acuerdo de conciliación es la mejor decisión para todos los involucrados, y que este acuerdo en particular es justo y razonable.

## BENEFICIOS DEL ACUERDO – LO QUE USTED RECIBIRÁ

### 5. ¿Qué es lo que se ofrece en el acuerdo de conciliación?

Para evitar la carga, el gasto, la incomodidad y la incertidumbre de continuar con la Demanda, Alba ha aceptado pagar hasta un Monto bruto máximo del acuerdo de $1,500,000.00, que se distribuirá entre los obreros que trabajaron durante el Periodo del grupo y que presenten un Formulario de reclamación. Solo los Miembros del grupo del acuerdo que presenten un Formulario de reclamación válido y puntual recibirán un pago del acuerdo. Este Monto bruto del acuerdo también proveerá pagos a los abogados de los Demandantes en concepto de honorarios de abogados y costas.

De este Monto bruto del acuerdo, los abogados de los Demandantes también solicitarán al Tribunal que apruebe nueve Fallos por servicio por un total de $65,000.00. Específicamente, las personas que siguen solicitan los montos que se indican a continuación como fallos por servicio a modo de reconocimiento por los servicios que prestaron en nombre de los Miembros del grupo:

- Melvin Deas: Quince mil dólares, con cero centavos ($15,000.00);
- Charles Pitt: Siete mil quinientos dólares, con cero centavos ($7,500.00);
- Floyd Jones: Siete mil quinientos dólares, con cero centavos ($7,500.00);
- Cory Bennet: Siete mil quinientos dólares, con cero centavos ($7,500.00);
- Gerard Foote: Siete mil quinientos dólares, con cero centavos ($7,500.00);
- Robert O'Connor: Cinco mil dólares, con cero centavos ($5,000.00);
- Martín Carrera: Cinco mil dólares, con cero centavos ($5,000.00);
- José Ordonez: Cinco mil dólares, con cero centavos ($5,000.00); y
- Antonio Bonilla: Cinco mil dólares, con cero centavos ($5,000.00).

### 6. ¿De cuánto será mi pago?

Sobre la base de una fórmula aprobada de manera preliminar por el Tribunal, el pago del acuerdo de conciliación para cada miembro del Grupo del acuerdo que envíe un Formulario de reclamación válido y puntual se calculará del siguiente modo:

1. Se calcula el fondo del grupo deduciendo los honorarios de los abogados, las costas, los honorarios de administración de las reclamaciones y los fallos por servicio del Monto bruto del acuerdo de conciliación.

2. Cada Miembro del grupo individual recibirá un (1) punto por cada semana trabajada para los Demandados como obrero durante el Periodo del grupo.

3. Se calcula la cantidad de puntos para cada Miembro del grupo.

4. Se suman todos los puntos para todos los Miembros del grupo con el fin de obtener el "Total denominador".

5. Se divide la cantidad de puntos para cada Miembro del grupo por el Total denominador con el fin de obtener el porcentaje asignado del Monto neto del acuerdo de cada Miembro del grupo.

6. Se multiplica el porcentaje de cada Miembro del grupo individual contra el Monto neto del acuerdo para determinar el Pago del acuerdo de cada Reclamante que participa.

Esta fórmula puede representarse de manera exacta del siguiente modo:

$$\$909{,}773.90 \text{ fondo estimado de la demanda colectiva} \times \frac{\textit{Total de semanas trabajadas por el miembro de la demanda colectiva}}{\textit{Total combinado de semanas trabajadas por los miembros de la demanda colectiva}} = \textit{Individual Settlement Amount}$$

Si usted participa en el acuerdo, nosotros estimamos que el monto individual del acuerdo será de aproximadamente $<<EstimatedAward>>. El cálculo de todas las semanas de trabajo se basará en los registros comerciales de ALBA. Si no está de acuerdo con la cantidad de semanas que usted trabajó conforme se reflejan en los registros de Alba, puede objetarlo presentando un comprobante al Abogado del grupo.

El cincuenta por ciento (50 %) de su Monto del acuerdo individual será caracterizado como salarios atrasados y estarán sujetos a todos los impuestos a la nómina que paga el empleado (impuestos federales a la renta, impuestos estatales a la renta, parte que corresponde al empleado de los impuestos FICA y FUTA, y cualquier otra deducción exigida legalmente), que se deducirán de su pago. El otro cincuenta por ciento (50 %) de su Monto del acuerdo individual será caracterizado como pago por daños y perjuicios liquidados, sanciones e interés, y será tratado como ganancia para usted, pero el Administrador de reclamaciones no retendrá impuestos de este monto. El Administrador de reclamaciones le informará el pago de salarios atrasados en un Formulario W-2 del IRS y el pago del daño liquidado/sanción/interés para usted en un Formulario 1099 del IRS. Si usted es beneficiario de un Fallo por servicio, también se informará dicho pago en un Formulario 1099 del IRS. Usted será responsable de la presentación y el pago de cualquier impuesto asociado con todo monto que le haya sido pagado por el cual reciba un Formulario 1099.

## CÓMO OBTENER UN PAGO

### 7. ¿Cómo puedo obtener un pago?

Si usted recibió este aviso, no se excluye (como se explica en la sección 10), y envía su Formulario de reclamación y Exención, recibirá un pago siempre que el Tribunal apruebe este acuerdo. Su Formulario de reclamación y Exención debe ser recibido por el Administrador de reclamaciones en esta Acción, en Deas v. Alba Carting & Demolition Case Administrator, c/o Rust Consulting, Inc. – 7105, PO Box 54, Minneapolis, MN 55440 - 0054. Su Formulario de reclamación y Exención debe ser recibido o tener fecha de franqueo postal anterior al **25 de enero de 2021**. Usted tendrá 120 días a partir de la fecha en que se emite el cheque para cobrarlo o depositarlo. Si su dirección cambia después de la fecha en la que presenta su Formulario de reclamación y antes de recibir su cheque del acuerdo, tenga a bien comunicarse con el Administrador de reclamaciones a la dirección que se indica a continuació:

<div align="center">

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

</div>

**ES SU RESPONSABILIDAD PROPORCIONAR AL ADMINISTRADOR DE RECLAMACIONES SU INFORMACIÓN DE CONTACTO ACTUALIZADA.**

### 8. ¿Cuándo recibiré mi pago del Acuerdo?

El Tribunal celebrará una audiencia de imparcialidad definitiva el **2 de marzo de 2021**, a las **11:00 a. m.**, para decidir si aprobará o no el acuerdo. Si usted ha enviado su Formulario de reclamación y Exención, y el Tribunal aprueba el acuerdo, se le enviará luego su pago por correo. Usted debe cobrar en efectivo o depositar este cheque dentro de los 120 días posteriores a la fecha de su emisión o, de lo contrario, el cheque será nulo, pero su Exención de las reclamaciones mantendrá su validez. No se volverá a emitir el cheque si no se presenta un justificativo válido del por qué no cobró ni depositó el cheque dentro de dicho lapso.

### 9. ¿A qué renuncio al presentar el Formulario de reclamación y seguir formando parte del grupo?

Si usted presenta el Formulario de reclamación y Exención, seguirá siendo Miembro del grupo. Esto significa que usted no puede demandar, seguir demandando o ser parte en otra Demanda contra los Demandados por una reclamación en virtud de la FLSA o la NYLL hasta la fecha de entrada en vigencia del acuerdo que, en esencia, es la fecha en la que los Demandantes solicitaron al Tribunal que apruebe el acuerdo, que fue el 1 de octubre de 2020.

## CÓMO EXCLUIRSE DEL ACUERDO

### 10. ¿Cómo y por qué me excluiría del acuerdo?

Para excluirse del acuerdo, debe enviar una carta por el servicio postal de los EE. UU. en la que indicará que desea excluirse del acuerdo de conciliación en *Deas v. Alba Carting & Demolition*. Asegúrese de incluir su nombre, dirección, número telefónico y firma en la carta. También debe incluir una declaración en la que indicará que comprende que al excluirse del acuerdo de conciliación no recibirá ningún tipo de fondos junto con el caso. Su solicitud de exclusión debe ser recibida o tener fecha de franqueo postal anterior al **25 de enero de 2021** y ser enviada al Administrador de reclamaciones en esta Acción a: Deas v. Alba Carting & Demolition Case Administrator, c/o Rust Consulting, Inc. – 7105, PO Box 54, Minneapolis, MN 55440 - 0054.

Si solicita ser excluido del acuerdo de conciliación, no recibirá pago alguno del acuerdo de conciliación y ya no podrá objetarlo. No quedará legalmente obligado por nada de lo que suceda en esta Demanda. Usted también podrá demandar a los Demandados en el futuro, sujeto, entre otras cosas, a lo dispuesto en la ley de prescripción. Tenga en cuenta que si usted envía una solicitud de exclusión y luego envía un Formulario de reclamación en debido tiempo y forma, el Administrador de reclamaciones le enviará una carta solicitando una aclaración con respecto a su intención de excluirse del acuerdo o pasar a ser un Reclamante que participa. Luego, debe proporcionar una respuesta dentro de los veinte (20) días posteriores al envío por correspondencia, o el plazo para presentar su formulario de reclamación, según el que fuese posterior. Si usted no aclara su posición, se considerará que se ha excluido del acuerd.

| 11. ¿Qué sucede si decido no actuar |
| --- |

"Excluirse" del acuerdo es diferente de simplemente no enviar de regreso el Formulario de reclamación y Exención. Si no hace nada, no tendrá derecho a cobrar ningún monto del acuerdo, pero sí eximirá a los Demandados de todas sus reclamaciones en virtud de lo establecido por las leyes salariales de Nueva York, incluida la NYLL, pero no de acuerdo con lo dispuesto por la FLSA. En otras palabras, si no desea enviar el Formulario de reclamación o una carta para excluirse, no podrá cobrar dinero por estas reclamaciones según lo estipulado por la ley de Nueva York ni ahora ni en un futuro.

## CÓMO OBJETAR EL ACUERDO

| 12. ¿Cómo le comunico al Tribunal mi objeción al acuerdo? |
| --- |

Usted puede objetar el acuerdo de conciliación si no está satisfecho o no está de acuerdo con alguna parte de él. Usted puede objetar alguna parte del acuerdo, lo que incluye, entre otros, el monto del acuerdo, los honorarios de los abogados o los pagos por servicio. Para objetarlo, debe enviar una carta a través del servicio postal de los EE. UU. en la que indicará que objeta el acuerdo de conciliación en *Deas v. Alba Carting & Demolition Case* y los motivos de su o sus objeciones. Asegúrese de incluir su nombre, dirección, número telefónico y firma. Toda objeción debe ser recibida o tener fecha de franqueo postal anterior al **25 de enero de 2021** y ser enviada por correo a:

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

Incluso si plantea una objeción, debe presentar un Formulario de reclamación y Exención en debido tiempo y forma para poder cobrar cualquier parte del acuerdo ya que el Tribunal puede aprobar el acuerdo y rechazar su objeción.

| 13. ¿Cuál es la diferencia entre objetar y excluirme del acuerdo de conciliación? |
| --- |

Presentar una objeción es simplemente indicarle al Tribunal que no le agrada algo del acuerdo. Usted solo puede objetar si no se excluye del acuerdo. Excluirse es una declaración por la cual informa que no desea formar parte del acuerdo de conciliación. Si se excluye, no tendrá ningún fundamento o base para plantear objeciones porque el acuerdo ya no le afectará.

## LOS ABOGADOS QUE LO REPRESENTAN

| 14. ¿Tengo un abogado en este caso? |
| --- |

Sí. El Tribunal ha decidido que los abogados de la firma Borrelli & Associates, P.L.L.C. reúnen los requisitos para representarlo a usted y a los otros Miembros del grupo. Se ha designado a estos abogados como los "Abogados del grupo" en esta Demanda. Puede obtener más información acerca de la firma, su ejercicio profesional y experiencia en: www.employmentlawyernewyork.com.

| 15. ¿Cómo se les pagará a los abogados? |
| --- |

Como parte del acuerdo de conciliación, los abogados han propuesto que se pague un 33.33 %, o un tercio del monto bruto del acuerdo de $1,500,000.00 o $500,000.00 a los Abogados del grupo por sus servicios en la investigación del caso, el litigio del caso y la negociación del acuerdo de conciliación. Además, los abogados solicitan reembolsos por los gastos varios en los que han incurrido en el avance del acuerdo, los cuales, hasta el momento, ascienden a $11,317.22. El Tribunal tendrá que aprobar el porcentaje del acuerdo de conciliación y cualquier gasto reembolsado que se pagará a los Abogados del grupo.

## AUDIENCIA DE IMPARCIALIDAD DEL TRIBUNAL

**16. ¿Cuándo y dónde decidirá el Tribunal si se aprueba o no el acuerdo de conciliación?**

El Tribunal llevará a cabo una audiencia de imparcialidad a las **11:00 a. m.** el día **2 de marzo de 2021**, en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York, vía teleconferencia, ante la Jueza Freeman.

En esta audiencia de imparcialidad, el Tribunal considerará si el acuerdo es justo, razonable y adecuado. En caso de existir objeciones, el Tribunal las evaluará en ese momento. Después de la audiencia, el Tribunal decidirá si aprueba la conciliación. No sabemos cuánto tiempo tardará el Tribunal en tomar su decisión. La fecha de la audiencia está sujeta a cambios sin previo aviso, y usted puede comunicarse con los Abogados del grupo o con el Administrador de reclamaciones para recibir una actualización respecto de su estado.

**17. ¿Tengo que asistir a la audiencia de imparcialidad?**

No, incluso si usted presentó una objeción, los Abogados del grupo lo representarán en la audiencia. Desde luego usted es bienvenido en caso de asistir, asumiendo el costo, si así lo desea. El Tribunal considerará cualquier objeción recibida en debido tiempo y forma, incluso si la persona que envió la objeción no comparece en la audiencia de imparcialidad. También puede contratar a su propio abogado, asumiendo el gasto, para que asista a la audiencia de imparcialidad, pero no es necesario que lo haga.

**18. ¿Puedo hablar en la audiencia de imparcialidad?**

Usted puede solicitarle al Tribunal permiso para hablar en la audiencia de imparcialidad. Para hacerlo, debe enviar una carta en la que indicará que es su "Notice of Intention to Appear in (Aviso de intención de comparecer en) *Deas v. Alba Carting & Demolition Case*." Asegúrese de incluir su nombre, dirección, número de teléfono y firma. Si pretende comparecer a través de su abogado, debe indicarlo también, y su abogado debe presentar un aviso de comparecencia y notificarlo a todas las partes antes del *15 de febrero de 2021*.

Su aviso de intención de comparecer debe ser recibido o tener fecha de franqueo postal anterior al **25 de enero de 2021**, y ser enviado por correo a:

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

Tenga en cuenta que no podrá hablar en la audiencia si se excluye del acuerdo o no envía un aviso de intención de hacer uso de la palabra.

## CÓMO OBTENER MÁS INFORMACIÓN

**19. ¿Existen más detalles acerca del acuerdo?**

Puede obtener más información sobre el acuerdo o una copia del acuerdo de conciliación comunicándose con el Administrador de reclamaciones:

Deas v. Alba Carting & Demolition Case Administrator
c/o Rust Consulting, Inc. - 7105
PO Box 54
Minneapolis, MN 55440 - 0054

**Comuníquese con el Administrador de reclamaciones llamando al 1-(866) 645-5839 Y NO CON EL TRIBUNAL si tiene alguna inquietud con respecto a este Aviso.**