UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELVIN DEAS, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>         Plaintiff,<br><br>        -against-<br><br>ALBA CARTING & DEMOLITION INC., ALBA SERVICES INC., and ANDREW HORAN, individually,<br><br>         Defendants. | Docket No.:<br>1:17-cv-03947-DCF |

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARDS, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT**

This matter having come before the Court for a fairness hearing on March 2, 2021, pursuant to the Court's Order granting Named Plaintiff's Motion for Preliminary Approval of the Settlement, Certification of Settlement Class, Appointment of Named Plaintiff as Class Representative, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure ("Preliminary Approval Order") (Dkt. Nos. 152-155). Upon due and adequate notice having been given to the Class Members as defined below, as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein to determine the fairness of the parties' settlement ("Settlement") on behalf of the Named Plaintiff, the thirty participating Opt-in Plaintiffs, and the Rule 23 New York settlement class all, together, as "Class Members" or "Plaintiffs" or "the Class"), and otherwise being fully informed and for good cause shown, the Court finds that the Settlement reached by the parties is fair, reasonable, adequate, and in the best interests of the Class as defined in the Court's Preliminary Approval Order, and satisfies all requirements of Federal Rule of Civil

1

Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3), as well as Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order GRANTING the Motion for Final Approval of Class and Collective Action Settlement, Service Awards, an Award of Attorneys' Fees and Expenses, and the Entry of Final Judgment, incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto.

2. This Court has subject matter jurisdiction over this litigation and all members of the Class.

3. After consideration of the evidence, the Court finds that the distribution of the Notice of Class Action Settlement and Claim Forms ("Notice") constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Class Members whose mailing addresses or other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. On behalf of the Class, this Court hereby approves the Settlement, finds that it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and with respect to the Rule 23 Plaintiffs, satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and with respect to the participating Class Members' FLSA claims, satisfies *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Court directs that the Settlement be consummated in accordance

with the terms and conditions set forth in the Preliminary Approval Order and Orders all parties to take the necessary steps to effectuate the Settlement.

5. The Court has previously certified, and now grants in light of the date of entry of the Preliminary Approval Order, final certification to the following two Settlement Classes:

    a. under 29 U.S.C. § 216(b), all current and former laborers who worked for Defendants at any point from May 24, 2011, through September 11, 2020, and who submitted a Claim Form and/or who signed the parties' Settlement Agreement, to thereby opt-in to this action; and

    b. under Fed. R. Civ. P. 23(a) and (b)(3), all current and former laborers who worked for Defendants in New York at any point from May 24, 2011, through September 11, 2020;

6. The Court hereby makes the following findings of fact:

(a) Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

(b) The distribution of the Settlement is fair, reasonable, and equitable.

(c) The Settlement provides for a maximum gross Settlement Fund of $1,500,000.00, of which $909,773.90 is available as the Net Settlement Amount to satisfy the claims of the Settlement Class Members. Out of 311 people mailed notices, zero Class Members opted out and zero Class Members objected. Class Members were required to submit claim forms or to have already executed the parties' Settlement Agreement in this matter to participate in the settlement, of which a combined total of fifty-four Class Members will be mailed a check for their individual settlement amounts, calculated based on the formula found in Paragraph 9.2(B) of the

parties' Settlement Agreement, Dkt. No. 154-1, as amended by the parties' August 4, 2020 stipulation. Dkt. No. 154-4.

        (d)      The Settlement provides for a service award to the Named Plaintiff and to eight Opt-in Plaintiffs in the total aggregate amount of $65,000.00.

        (e)      The Settlement also provides for a payment of $500,00.00, or the equivalent of one-third of the total maximum Settlement Fund as attorneys' fees, plus $11,317.22 for Class Counsel's out-of-pocket costs and expenses, totaling $511,317.22, to be paid to Class Counsel.

        (f)      Class Administrator fees are to be paid to Rust Consulting, Inc. ("Rust") in the amount of $13,905.00.

        (g)      Given the disputed issues of fact and law and the risks to the Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable, and in the best interests of the Class Members.

        (h)      Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trials and appeals, the expected duration of litigation, and the ongoing uncertainties caused by the COVID-19 pandemic, including the impact the pandemic may have on Defendants' business operations and any ability to pay a large settlement or judgment, the terms and amount offered in the Settlement are favorable.

        (i)      Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to have negotiated a fair settlement for the Class. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar

actions. Defendants' counsel, likewise, has substantial experience in this area and also agrees that the Settlement is fair and reasonable.

(j) All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

(a) The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Classes, and in full compliance with all applicable due process requirements. The parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment. Defendants are hereby directed to fund $700,000.00 by on or before March 31, 2021 pursuant to the parties' August 4, 2020 stipulation, plus any additional amounts that may be needed to satisfy the claims of all Participating Claimants, plus any employer-side payroll taxes owed arising out of the same, in $50,000.00 increments every thirty-days thereafter until all amounts owed under the Settlement are fully paid. Rust is hereby directed to distribute payments to the fifty-four participating Class Members as of the date that the parties filed their motion for final approval in accordance with the terms of the Settlement.

(b) The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

(c) Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault, or wrongdoing of any kind.

(d) The Named Plaintiff and Rule 23 Plaintiffs shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

(e) All Class Members who were sent a Notice by Rust, including the Named Plaintiff and Opt-in Plaintiffs, hereby release Defendants from New York Labor Law wage and hour claims that were asserted or could have been asserted in this lawsuit.

(f) Class Members who submitted a claim form, or, for all those who by virtue of executing the parties' settlement agreement became Participating Claimants without having to do so, will release Defendants from FLSA wage and hour claims that were asserted or could have been asserted in this lawsuit.

(g) Having reviewed the appropriate case law, the request for Service Awards is granted. Rust is hereby ordered to pay Named Plaintiff and Opt-in Plaintiffs the total amount of $65,000.00, as set forth in the parties' agreement and as printed in the Notices, apportioned from the Settlement Funds as explained in the Notices. Specifically, the Court approves, and Rust is directed to pay, the following service awards:

1. Named Plaintiff Melvin Deas: $15,000.00;
2. Opt-in Plaintiff Charles Pitt: $7,500.00;
3. Opt-in Plaintiff Floyd Jones: $7,500.00;
4. Opt-in Plaintiff Cory Bennet: $7,500.00;
5. Opt-in Plaintiff Gerard Foote: $7,500.00;
6. Opt-in Plaintiff Robert O'Connor: $5,000.00;
7. Opt-in Plaintiff Martin Carrera; $5,000.00;

6

8. Opt-in Plaintiff Jose Ordonez: $5,000.00; and

9. Opt-in Plaintiff Antonio Bonilla: $5,000.00;

(h) Having reviewed the appropriate case law and Class Counsel's billing records and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendants or any Class Member, the Court finds that Class Counsel's application for attorneys' fees in the amount of $500,000.00, apportioned from the Settlement Fund as explained in the Notices, is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket costs and expenses, and with no objection by Defendants or any Class Member, Class Counsel's request for costs and expenses in the amount of $11,317.22, apportioned from the Settlement Fund as explained in the Notices, is granted.

(k) Rust is to be paid $13,905.00 for its administration fees and costs from the Settlement Amount, apportioned from the Settlement Fund as explained in the Notices.

(l) Should any Class Members fail to cash their checks within 120 days of distribution, Rust shall return the amount in uncashed checks to Defendants.

(m) All claims against Defendants in this action are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the parties' Settlement and over the administration and distribution of the Settlement Fund.

8. Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

**SO ORDERED**, this 2nd day of  March , 2021, New York, New York.

_____
The Honorable Debra Freeman, U.S.M.J.